BaRNEy, J.,
delivered the opinion of the court:
The plaintiff in this case is the widow of William L. Ten Brook, the history of whose military service in the United States Army during the late Civil War is as follows:
William L. Ten Brook was enrolled May 16, 1861, and mustered into service June 20, 1861, as a musician in Company B, Fourth Michigan Infantry Volunteers, to serve three years, and discharged September 6, 1861, for disability; enrolled December 10, 1861, and mustered into service December 20, 1861, as a private in Company A, Fourth Michigan Infantry Volunteers, to serve three years; promoted corporal July 1, 1862; reenlisted December 29, 1863, as veteran volunteer; promoted sergeant September 1, 1864; mustered in as first lieutenant September 14, 1864, and as captain March 5, 1865.
Under act of February 24,1897, his muster in as first lieutenant was amended to date from August 20, 1864.
Under act of June 3, 1884, his muster in as captain was amended to date from February 9, 1865.
February 16, 1867, he was discharged from the service by a special order of the War Department, reading in part as follows:
“ To complete his record on the rolls Capt. William L. Ten Brook, Fourth Michigan Volunteers, is hereby mustered out and honorably discharged the service of the United States, to date February 13, 1866, date of expiration of leave of absence, his services being no longer required and since which date he has rendered no service to the Government.”
He presented a claim to the Auditor of the War Department for three months’ extra pay under the act of March 3, 1865 (13 Stat., 497), as amended by the act of July 13, 1866 (14 Stat., 94), which provide in substance for three months’ extra pay to all officers of volunteers below the rank of brigadier general who were in service on the 3d day of March, 1865, and whose resignations were presented and accepted, *4 or who were mustered out at their own request, or otherwise honorably discharged- from the service after the 9th day of April, 1865. This claim was rejected on the ground that the records of the War Department showed that the plaintiff was reported on his company roll dated December 31, 1865, as present; on the roll dated February 28, 1866, as absent with leave per special orders January 17, 1866; and on the roll' dated May 26, 1866 (the date when his regiment was mustered out), as absent with leave from January 15, 1866, to March 6,1866, and absent without leave since. This claim is now before us upon the petition of the widow of the original claimant, who is now deceased.
If there ever was a claim before the War Department or this court presenting great equities and appealing to our sense of justice, this certainly is one. Capt. Ten Brook entered the service at the veiy outbreak of the Civil War as a musician and a little later as a private, and, with the exception of about three months, remained in the service until nearly a year after the war had closed, and during that time was promoted to the rank of corporal, sergeant, first lieutenant, and captain. It appears that January 15, 1866, he was granted a leave of absence for 50 days and did not return to his regiment before it was mustered out of the service May 26, 1866. After every battle had been fought and every hostile gun fired, he returned to Ms home after nearly five years’ service, from private to captain, and did not return for the very evident reason that his services were no longer needed and that his regiment was shortly thereafter to be mustered out of the service, reenforced, we may conjecture, by the reason that his health or some other good and sufficient cause made his failure to return justifiable.
Although the roll of his company showed his absence at the date of its being mustered out of the service, because that was the fact, yet within a year after, presumably upon a presentation of all the facts, the War Department granted Capt. Ten Brook an honorable discharge “ to date February 13, 1866, his services being no longer required.” It may have been that he was sick and unable to return or that some member of his family was dangerously ill, but whatever the
*5 reason was it was presented to tbe War Department and regarded as sufficient to warrant the granting of an honorable discharge.
After the expiration of nearly 40 years, and upon no other evidence than the statement on the roll of his company that he was not present when it was mustered out, this order of a predecessor is reversed.
Under all the circumstances of this case we must hold that the plaintiff is entitled to recover.
Judgment is therefore ordered for the plaintiff in the sum of $180.
Judge Howry was not present when this case was tried and took no part in its decision.